

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

May 16, 2023

**By ECF**

Hon. Paul G Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Ho Wan Kwok, et al.*, 23 Civ. 2200 (PGG)

Dear Judge Gardephe:

      Plaintiff Securities and Exchange Commission (the "SEC") respectfully submits this letter for two reasons. First, the SEC respectfully requests that the Court permit the SEC to continue attempting to serve international defendants during the pendency of the stay the Court entered on April 28, 2023 (Dkt. 44, the "Stay Order"). The United States Attorney's Office does not object to this request, and the defendants and relief defendants who have appeared in this case either do not object to or take no position on the request. Second, the SEC respectfully advises the Court of the SEC's intention to conduct a continuing investigation with respect to uncharged parties.

The SEC's Request to Continue Attempting to Serve International Defendants

      The SEC has not yet been able to serve defendant Kin Ming Je (a/k/a William Je) or relief defendants Qiang Guo (a/k/a Mileson Guo) and Sin Tin Rong (collectively, the "International Defendants"), all of whom the SEC believes reside overseas. Thus, Federal Rule of Civil Procedure 4(m)'s 90-day limit to serve a defendant within the United States does not apply to Je, Qiang Guo, or Rong. All but one of the remaining defendants and relief defendants – each of whom has been served or waived service – either take no position on or do not object to the SEC's request to continue its attempts to serve the International Defendants.[1]

      At least one United States Court of Appeals has held that a court does not have personal jurisdiction over a defendant who has not been served, that a stay order therefore does not apply to an unserved defendant, and that the plaintiff's obligation to serve the defendant continues to run during a stay. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). The SEC thus

---

[1] Specifically, defendants Ho Wan Kwok (a/k/a Miles Guo, Miles Kwok, Wengui Guo and Brother Seven) and Mountains of Spices LLC (d/b/a New York Farm) take no position on the SEC's request, while defendant G Club Operations LLC and relief defendant Mei Guo do not oppose the SEC's request. The SEC is unaware of the position of relief defendant Hing Chi Ngok, who has been served but did not file an answer by the applicable deadline and has not otherwise appeared in this matter.

Hon. Paul G. Gardephe
May 16, 2023
Page 2

respectfully requests that the Court permit the SEC to continue to try to serve the International Defendants while the stay is pending. The SEC notes that, on approximately May 9, 2023, it submitted a request for assistance to an international regulator pursuant to the International Organization of Securities Commissions' Multilateral Memorandum of Understanding ("MMOU") to attempt to request contact information for certain relief defendants in the event the Court grants this request. The SEC is currently awaiting a response from the regulator.

The SEC's Continuing Investigation

The SEC also writes to advise the Court of its intention, during the pendency of the stay, to continue to investigate related conduct of certain individuals and entities *not* party to this action, including by issuing investigative subpoenas for documents and testimony and by issuing requests for assistance to foreign regulators pursuant to the MMOU. For instance, on approximately May 9, 2023, the SEC issued one such MMOU request relating to the Himalaya Exchange, which is not a party to this proceeding.

The SEC respectfully submits that the Stay Order does not preclude it from continuing its investigation. In particular, Exchange Act Section 21(a) grants the SEC independent authority to investigate potential securities law violations, including through the SEC's administrative subpoena power. *See* 15 U.S.C. § 78u(a)(1). The Second Circuit and district courts in this and other Circuits have long recognized that an administrative agency may use its independent subpoena power to investigate individuals and entities while litigation is pending. *See, e.g.*, *Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (noting the "settled" principle that "the rules of civil procedure do not apply to restrict or control administrative subpoenas"); *SEC v. F.N. Wolf & Co., Inc.*, No. 93 Civ. 0379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) ("[The SEC's] institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than litigation.").

The SEC staff will not issue any investigative subpoenas for the purpose of gathering evidence against Defendants. To the extent any documents or testimony the SEC staff may obtain pursuant to investigative subpoenas or other means are relevant and responsive to Defendants' document requests, the SEC will produce such documents and transcripts to the extent required by the Federal Rules of Civil Procedure and this District's Local Civil Rules when the Court ultimately lifts the Stay Order.

                                      Respectfully submitted,

                                      /s/ Daniel Loss

                                      Daniel Loss
                                      Senior Trial Counsel

cc:       All counsel of record (by ECF)