

William J. Quinlan
T 312 629 6012
F 312 971 1070
wjq@quinlanfirm.com

May 19, 2023

<u>Via CM/ECF</u>

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Securities and Exchange Commission v. Mountains of Spices et al.*, No. 1:23-cv-02200-PGG

Dear Judge Gardephe:

      MOS respectfully submits this letter to respond to the Department of Justice's May 17, 2023 letter objecting to MOS' request that the Court lift the stay in this case for the limited purpose of permitting MOS to file a motion to sever under Federal Rule of Civil Procedure 21. The DOJ's letter asserts numerous inflammatory statements against MOS absent from either the SEC's Complaint in this matter or the indictment in *United States v. Ho Wan Kwok*, S1 23 Cr. 118 (AT) (the "*Ho Wan Kwok* Case").

      Initially, the DOJ does not dispute in its letter that MOS was not afforded an opportunity either to respond to the DOJ's request for a stay or file a motion to sever prior to the Court's endorsing of the Application on the date the DOJ filed it. The crux of the DOJ's letter—that the Court should not sever the claim against MOS from the remainder of this case—asserts arguments best suited not as a response to MOS' request for a limited lifting of the stay but as a response to MOS' forthcoming motion to sever. The DOJ's arguments only highlight the substantial differences it and MOS have on the facts supporting severance and their significance under Federal Rule of Civil Procedure 21. This dispute necessitates briefing on the motion to sever. MOS' letter concerns a very limited request for relief—lifting the stay so that MOS may file a motion to sever—and nothing in the DOJ's response weighs against this specific relief.

      Moreover, MOS disagrees with the DOJ's characterization of many facts, some of which were not raised with MOS by the United States prior to its receipt of the May 17 letter (thus preventing challenge from MOS). While the DOJ states that MOS' "leader" is "a subject of the Government's ongoing investigation," this is the first instance the United States has made MOS aware of this. It is also contrary to prior statements the government made to MOS in the past.

The Honorable Paul G. Gardephe
May 19, 2023
Page 2 of 2

Whether the "leader of MOS" has streamed videos in a New Jersey residence is not relevant, and, regardless, he has only resided there because, on information and belief, the Government had a receiver appointed that removed the movement[1] from its prior offices.

The indictment in the *Ho Wan Kwok* Case does not mention or refer to MOS or its "leader" directly or indirectly. It alleges wrongdoing related to the defendants' alleged misappropriation of funds, not related to MOS' alleged selling of securities without filing a registration statement—the only allegation of wrongdoing in this case. The claim against MOS and the *Ho Wan Kwok* Case do not involve similar witnesses, and any factual overlap is minimal, at best. Nevertheless, as explained above, rather than demonstrating why the Court should not lift the stay to enable MOS to move to sever, these disputes only highlight the need to lift the stay for this limited purpose so the Court can resolve the parties' disagreement about severance with a complete record.

For the foregoing reasons, MOS respectfully requests that the Court lift the stay for the limited purpose of permitting MOS to file a motion to sever itself as a party from the present case.

Sincerely,

THE QUINLAN LAW FIRM, LLC

William J. Quinlan

cc: All Counsel of Record (by CM/ECF)

---

[1] The principal of Mountains of Spices is part of a moment for a new federal state of China. He and others like-minded are collectively working to make the Republic of China democratic. The principal has not been accused of any criminal conduct, much less related to Kwok.