

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 Pearl Street, Suite 20-100
New York, NY 10004-2616

New York
Regional Office

September 4, 2024

**By ECF**
Hon. Paul G Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Ho Wan Kwok, et al.*, 23 Civ. 2200 (PGG)

Dear Judge Gardephe:

      Plaintiff Securities and Exchange Commission ("SEC") respectfully submits this letter to update the Court regarding its efforts to serve three defendants who are believed to reside overseas: defendant Kin Ming Je (a/k/a William Je) ("Je"), relief defendant Sin Tin Rong ("Rong"), and relief defendant Qiang Guo (a/k/Mileson Guo) ("Qiang Guo") (collectively, the "International Defendants").

      By way of background, on June 13, 2023, the Court granted the SEC's application for permission to continue to attempt to serve the International Defendants during the stay of this action. (Dkt. 54.) Earlier today, the SEC filed affidavits of service as to defendant Je and relief defendant Rong. (Dkt. 63-64.) Specifically, the SEC effectuated service as to Je and Rong in the United Kingdom ("UK") pursuant to Federal Rule of Civil Procedure 4(f)(2)(A), which, in circumstances applicable here, permits service of an individual outside the United States by a means that is reasonably calculated to give notice as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction.

      As set forth in letters to the Court from the SEC's UK counsel, attached as Exhibit A and Exhibit B hereto, service as to both Je and Rong was effectuated pursuant to Section 1140 of the UK Companies Act 2006 (the "Companies Act"), which allows for service of a company's director at an address given by that director to the Companies House, which is an executive agency of the UK Government's Department for Business and Trade that holds the official register of UK companies. Although Je is believed to have left the UK for the United Arab Emirates in March 2023 — and, to the SEC's knowledge, has not returned — the fact that a director served under Section 1140 may not be present in the UK at the time of service does not impact the validity of the service under UK law, as explained further in Exhibit A.[1]

---

[1] Rong is believed to reside in the UK. On or about February 18, 2024, the SEC personally served Rong through a process server in London with a version of the summons in this action that was not signed by the Clerk of the Court. As discussed herein and reflected in the affidavit of service filed at Docket No. 64, Rong was subsequently served with the correct executed summons and Complaint pursuant Federal Rule of Civil Procedure 4(f)(2)(A) and the Companies Act.

Hon. Paul G. Gardephe
September 4, 2024
Page 2

Finally, the SEC is continuing its attempts to serve Qiang Guo.

        Respectfully submitted,

        /s/ Daniel Loss

        Daniel Loss
        Counsel to the SEC

cc:    All counsel of record (by ECF)