Stephenson Harwood LLP
1 Finsbury Circus, London EC2M 7SH
T: +44 20 7329 4422 | F: +44 20 7329 7100
www.shlegal.com



Hon. Paul G. Gardephe, U.S.D.J.  
Thurgood Marshall  
United States Courthouse  
40 Foley Square  
New York, NY 10007

E: alan.ward@shlegal.com  
T: +44 20 7809 2295  
Our ref: 01-61-07066

January 6, 2025

Dear Judge Gardephe

We respectfully write to you upon the request of our client, the U.S. Securities and Exchange Commission (the "Commission") with regards to assistance that we are providing as the Commission's English counsel in the matter of service of process on Qiang Guo (also known as Mileson Guo), in the United Kingdom. Specifically, we have been asked by the Commission to explain the method of service on Qiang Guo that was used in this case and its validity under the laws of England and Wales.

Service on Qiang Guo was conducted pursuant to Rule 6.9 of the Civil Procedure Rules of England and Wales ("English CPR"), which allows for service of English proceedings on an individual under English law at his or her "last known" address. Based on our understanding of the facts set forth below, including certain facts that are based on the Commission's representations, it is our view that the address of 5 Princes Gate, Apt. 6, London, United Kingdom SW7 1QJ (the "Princes Gate Address") qualifies as Qiang Guo's "last known" address under English law and that service at the Princes Gate Address would constitute effective service in the context of English proceedings under Rule 6.9 of the English CPR.

The basis of our view is set forth below, but we note as an initial matter that it is consistent with a November 13, 2024 decision by the U.S. Bankruptcy Court for the District of Connecticut finding that service of a summons and complaint on Qiang Guo via FedEx shipment to the Princes Gate Address was in accordance with Rule 6.9 of the English CPR. *See Despins v. Qiang Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 24-5238 (JAM) (Bankr. D. Conn.), ECF Nos. 15 & 23.

<u>Legal Standard for "Last Known" Address Under the English CPR</u>

Under the English CPR, to serve at an individual's last known address, "reasonable steps" must have first been taken, "to ascertain the address of the defendant's current residence or place of business." If identified, the defendant must be served at that current address. A second requirement for service at a last known address is that consideration must have been given to, "whether there is – (i) an alternative place where; or (ii) an alternative method by which service might be effected."

Offices | Dubai | Hong Kong | London | Paris | Piraeus | Seoul | Shanghai | Singapore  
Associated offices | Bucharest | Guangzhou | Jakarta

Stephenson Harwood LLP is a limited liability partnership registered in England and Wales with registered number OC373597. It is authorised and regulated by the Solicitors Regulation Authority (under SRA ID number 567651). A list of members and their professional qualifications is open for inspection at the firm's principal office, 1 Finsbury Circus, London EC2M 7SH. The term "partner" is used to refer to a member of Stephenson Harwood LLP. VAT number GB 243 3939 54.



The High Court of England and Wales has provided recent guidance and judicial authority concerning the concept of "last known address" in *Boetthcher v XIO (UK) LLP (In Liquidation) & Ors* [2023] EWHC 801. In particular, the Court provided that:

 i. A claimant must establish that there is a good, arguable case that the address for service was the defendant's last known residence. This means that, on the evidence available, the claimant has the better of the argument on this issue than the defendant.
 ii. A defendant's last known residence need not be the defendant's usual residence.
 iii. A defendant may have more than one last known address.
 iv. A defendant's last known address may be a residence at which the defendant is residing, or one at which they are no longer residing at the time of service. However, this cannot be an address at which the defendant has never resided (as also raised in *Marshall v Maggs* [2006] EWCA Civ 20; [2006] 1 W.L.R. 1945, CA).
 v. "Knowledge" of a defendant's residence in this context refers to the claimant's actual knowledge or constructive knowledge, being knowledge which the claimant could have acquired by exercising reasonable diligence. In this case, we consider constructive knowledge as to the Princes Gate Address is established, with reference to the "reasonable diligence" undertaken, as particularised below.

Factual Evidence Associating Qiang Guo with the Princes Gate Address

We understand that there is factual evidence associating Qiang Guo with the Princes Gate Address. Although there is mixed evidence as to whether the Princes Gate Address is Qiang Guo's *current* residence, we believe the factual evidence set forth below, if accurate, is sufficient under English law to establish that the Princes Gate Address is a "last known" address of Qiang Guo.

1. Telephone Records: The Commission has advised us that, based on information provided by the National Crime Agency for the United Kingdom ("NCA"), as of at least November 5, 2024, a mobile phone contract in the name of Qiang Guo is registered to the Princes Gate Address.
2. Credit Card Records:  The Commission has advised us that, based on information provided by the NCA, on or about November 1, 2024, an individual identified as Qiang Guo applied for an American Express card using the Princes Gate Address.
3. Vehicle Insurance Records: The Commission has advised us that, based on information provided by the NCA, vehicles insured to Qiang Guo were registered to the Princes Gate Address as of at least June 2024.
4. Court Records: Based on a review of the dockets in other U.S. court proceedings, we understand that Qiang Guo has been served via the Princes Gate Address (as his current or last known address) on at least four occasions in 2023 and 2024.
    a. On March 21, 2024, in *Despins v. RM Auctions Deutschland GMBH and Qiang Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 24-05245 (JAM), ECF No. 22, the summons and complaint were served on Qiang Guo via FedEx shipment to the Princes Gate Address.

b. On March 21, 2024, in *Despins v. Qiang Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 24-5238 (JAM) (Bankr. D. Conn.), ECF No. 15, the summons and complaint were served on Qiang Guo via FedEx shipment to the Princes Gate Address.

c. On January 31, 2023, in *Despins v. Bravo Luck Ltd. and Qiang Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05027 (JAM) (Bankr. D. Conn.), ECF No. 27, the summons and complaint were served by hand delivery to the building concierge at the Princes Gate Address.

d. On February 17, 2023, in *Genever Holdings LLC et al. v. Ho Wan Know, Hing Chi Ngok, Qiang Guo, and Mei Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 23-05002 (JAM) (Bankr. D. Conn.), ECF No. 16, the summons and complaint were served on Qiang Guo via FedEx shipment to the Princes Gate Address.

5. Bank Records: The Commission has advised us that, as of at least November 2020 and May 2021, bank records obtained by the Commission for wire transfers to Qiang Guo reflected the Princes Gate Address as Qiang Guo's address.

6. Mail Records: Based on our review of a declaration filed on the docket in a U.S. court proceeding, we understand that a letter mailed (via Royal Mail, United Kingdom) to Qiang Guo at the Princes Gate Address was delivered on February 28, 2023 and accepted by the executed signature "GUO."  *See* Declaration of Patrick R. Linsey, *Despins v. Bravo Luck Ltd. and Qiang Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05027 (Bankr. D. Conn. June 2, 2023), ECF No. 93-2.

7. Property Records: Based on our review of records held by the His Majesty's Land Registry, we understand that the leasehold for the Princes Gate Address is currently owned (and has been owned since June 3, 2016) by K Legacy Ltd., a company that, according to UK Companies House records, is beneficially owned by Qiang Guo.

8. Interviews with Building Personnel: On or about December 29, 2023, the building concierge at the Princes Gate Address told an investigator retained by our firm that Qiang Guo was a resident of the building.[1] Similarly, we understand based on our review of a declaration in an unrelated matter that, on January 31, 2023, an individual at the Princes Gate Address confirmed to an English solicitor that Qiang Guo lived there. *See* Declaration of Patrick R. Linsey, *Despins v. Bravo Luck Ltd. and Qiang Guo (In re Kwok)*, Case No. 22-50073, Adv. P. No. 22-05027 (Bankr. D. Conn. June 2, 2023), ECF No. 93-2.

---

[1] We note that, on February 18, 2024, a building concierge at the Princes Gate Address told an investigator retained by our firm that Qiang Guo was not a resident and refused to provide any additional information. This information appears to be contradicted by other evidence discussed here, including telephone, credit card, insurance, property, and court records suggesting that that Qiang Guo maintains an ongoing association to the Princes Gate Address. Moreover, even if the information provided by the concierge on February 18, 2024 were accurate, under English law, it is not a requirement that the "last known" address be the defendant's current residence.



<u>Steps Taken to Ascertain Current Residence and Consideration of Alternative Places of Service</u>

As noted above, to serve a defendant at his or her last known address under English law, reasonable steps must first be taken to ascertain the defendant's current address, and consideration must be given to alternative locations of service. Here, it is our opinion that these standards have been satisfied. In particular, as part of our work for the Commission in this matter, we retained an investigative firm at a cost of approximately £29,000 to attempt to locate Qiang Guo. Despite the extensive and costly efforts exerted, the steps taken by the investigative firm did not reveal a current address for Qiang Guo (other than the Princes Gate Address).

Among other things, the investigative firm (1) conducted a comprehensive search of public records, including searches of live and archived web pages, blogs, social media channels, documents filed in legal proceedings, subscription databases of corporate and directorship information globally, land and property registers in relevant jurisdictions, and newspaper and magazine archives; (2) conducted a total of more than 70 hours of surveillance in the vicinity of potential locations associated with Qiang Guo in multiple countries on approximately 10 different dates over the past year, but did not observe him; and (3) investigated multiple private aircraft potentially associated with Qiang Guo, but did not successfully identify the particular aircraft used by him.

<u>Conclusion</u>

Accordingly, based on the information summarised above, including the factual representations by the Commission that we have not undertaken to independently verify, we consider that the Princes Gate Address qualifies as Qiang Guo's "last known" address under English law and that service at the Princes Gate Address would constitute effective service in the context of English proceedings under Rule 6.9 of the English CPR.

Yours faithfully

*Stephenson Harwood LLP*

**Stephenson Harwood LLP**